IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION



| | |
|---|---|
| KENNETH PARKER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No.   5:07cv00037 |
| | ) |
| v. | ) MEMORANDUM OPINION AND ORDER |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Hon. Samuel G. Wilson |
| | ) United States District Judge |
| Defendant. | ) |

This is an action in which plaintiff Kenneth Parker challenges the Social Security Administration's (SSA) denial of his application for supplemental security income ("SSI"). Under 42 U.S.C. § 405(g), Parker had sixty days to file his compliant after he received notice of the decision. In his response to the defendant's motion to dismiss, Parker used two dates to describe when he received the notice: in the response itself he claimed he received the notice on February 17, but in an attached affidavit his attorney claimed he received it on February 19. This two day difference is crucial: his complaint is untimely if Parker received the notice on February 17; his complaint is timely if he received it on February 19. Parker now insists that the February 17 date was a typographical error and that he actually received the notice on February 19. Since this insistence places his credibility in issue, the court will order a hearing to determine when Parker received notice of the decision.

On February 8, 2007, the Appeals Council of the SSA declined to review the Administrative Law Judge's denial of Parker's application for "SSI," and mailed a notice of its decision to Parker and his attorney. On April 19, seventy days later, Parker filed his complaint in this court appealing that denial. The Commissioner moved to dismiss the complaint as untimely,

and in his response Parker claimed that he did not receive the notice until February 17, nine days after the Appeals Council mailed its decision. However, attached to Parker's response was an affidavit by his attorney that claimed he received the notice on February 19, eleven days after it was mailed. Parker's attorney also attached a photocopied first page of the notice indicating that it was stamped as received in the attorney's office on February 19. In its report and recommendation, the Magistrate Judge applied the presumption contained in Commissioner's regulations that the individual is presumed to have received the notice five days after the notice is issued. The Magistrate Judge recommended that the complaint be dismissed because the inconsistent dates failed to overcome this presumption. In his objections to the Magistrate Judge's report and recommendation, Parker now contends that the February 17 date was a merely a typographical error.

Pursuant to 42 U.S.C. § 405(g), an individual may seek judicial review of any final decision of the Commissioner of Social Security by commencing a civil action "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." The Supreme Court has established that § 405(g) is not jurisdictional, but is rather a period of limitations that may be equitably tolled. Bowen v. City of New York, 476 U.S. 467, 479 (1986). The Commissioner's regulations clarify that this sixty-day limitations period begins when the individual receives either the decision or notice of the decision. 20 C.F.R. § 422.210(c). The regulation also presumes that the individual receives notice of the decision five days after the date of the notice, "unless there is a reasonable showing to the contrary." Id. In this district, it has been held that 20 C.F.R. § 422.210(c) establishes a rebuttable presumption that notice of the decision was received within five days. McMahan v.

Barnhart, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005) (citing Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984)).

Assuming the presumption is rebuttable, the issue in this case is whether Parker has rebutted the five-day presumption by offering an affidavit and a date-stamped copy of the notice that prove Parker received the notice on February 19, eleven days after the decision. There is some authority for the proposition that bare allegations of mail service delay are insufficient to rebut the five-day presumption of receipt. See McCall v. Bowen, 832 F.2d 862, 864-65 (5th Cir. 1976); Leslie v. Bowen, 695 F. Supp. 504, 506 (D. Kan. 1998); Rouse v. Harris, 482 F. Supp. 766, 760 (D.N.J. 1980). In this case, however, Parker has made more than a bare allegation of mail service delay. So long as Parker can establish that the February 17 date was a typographical error, his response, his attorney's affidavit, and the photocopied notice all suggest that he received the notice on February 19. Therefore, since the timeliness of Parker's complaint now depends upon his credibility, and since the Magistrate Judge did not make a credibility determination, the court hereby **ORDERS** that Parker appear before this court for a hearing to determine when he actually received the notice of the Appeals Council decision. This hearing shall take place within ten days of the issuance of this order.

      It is so **ORDERED**.

      **ENTER**: This 25th day of August, 2008.

      UNITED STATES DISTRICT JUDGE